GURCHKE v. GURCHKE.

1. DIVORCE—EXTREME CRUELTY.
   Upon a consideration of the evidence in a suit for divorce, a decree granting defendant, the wife, a divorce on the ground of extreme cruelty, is sustained.

2. SAME—ALIMONY.
   But it is *held* that the real estate owned by the parties, worth about $3,700, should be sold and the proceeds equally divided.

Appeal from Wayne; Donovan, J. Submitted June 21, 1911. (Docket No. 126.) Decided November 3, 1911.

Bill by Anton Gurchke against Ernestine Gurchke for a divorce. From a decree for defendant granting a divorce upon her answer in the nature of a cross-bill, complainant appeals. Modified and affirmed.

*Thomas A. Conlon*, for complainant.

*Edward H. Kennedy*, for defendant.

BROOKE, J. The parties to this cause have been married for 28 years. They have raised a family of five children, now all of age, and through frugality and industry have accumulated a little property. Each charges the other with acts of extreme cruelty, and asks release from the marriage bond. Though continuing to occupy the same house, their marital relations ceased some 11 years ago. In 1908 the wife filed a bill for divorce, which was afterwards withdrawn. The husband instituted this suit in December, 1909, after (as he testifies) he had been driven from his home. The court below granted a decree of divorce to the wife, and the husband appeals. To set out in this opinion the testimony bearing upon the question of cruelty would be profitless. It is sufficient to say

that we have determined, though with some reluctance, not to disturb the decree in favor of the wife. This leaves the property interests only of the parties to be considered. Complainant was at the time of the hearing 54 years old and is not in very good health, while defendant was 48 and in good health.

In 1882 defendant inherited a little cottage from her mother, worth about $1,000, but charged with the payment of $300 to her brother. This sum complainant paid, and put repairs upon the cottage, from time to time, amounting to upwards of $300 or more. When he paid off defendant's brother, she caused the title to be placed in their names jointly, and it so remained until 1908, when the complainant quitclaimed his interest in the cottage to defendant at the time she discontinued her divorce proceeding. Complainant testifies that defendant had ordered him out of the house, but that his daughter told him, if he deeded the property back to her mother, he could stay. In the meantime complainant had bought another house, taking title thereto in the names of himself and wife. This house the parties occupied as a home together until the institution of the divorce proceedings. It is free from debt, and is worth $2,600 or $2,700. The cottage is worth between $1,000 and $1,100. Complainant has purchased about $800 worth of furniture. This is now old and of comparatively little value. Complainant was seriously ill a short time ago, and is indebted to his physician in the sum of $243.

The lower court decreed that complainant should quitclaim to defendant his interest in the homestead, and that she should execute a conveyance to complainant of the cottage. The furniture (except sufficient thereof to furnish one room) was likewise given to defendant. This division of the estate we think clearly inequitable. The husband contributed as much in value as the wife to the cottage, and earned all the money which went into the homestead. We think he is entitled, at least, to one-half of the joint estate. For the purposes of this adjustment,

the quitclaim deed given by the husband in 1908 should be set aside, and the value of the cottage should be added to that of the homestead, and the amount equally divided between the parties.

The decree for divorce will stand, and a decree may be entered in this court providing for the sale of both parcels and an equal division of the proceeds.

BIRD, MOORE, MCALVAY, and BLAIR, JJ., concurred.